IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| CELESTINE THOMAS, on behalf of herself and all other similarly Alabama residents, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 3:11-CV-399-WKW |
| COUNTRYWIDE HOME LOANS, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the court is Defendant Countrywide Home Loans' Motion to Stay Remand Order to Require Stipulation on Behalf of Putative Class Members or, in the Alternative, a Stipulation from Putative Class Members Currently Represented by Counsel for Plaintiff.  (Doc. # 13.)  The motion has been fully briefed and is due to be denied.

## I.  BACKGROUND

Sometime back, Defendant Countrywide Home Loans removed this action under the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1711 *et seq.*, and 28 U.S.C. § 1332(d)(2).  As grounds for removal, Countrywide asserted that the monetary claims of the putative class exceeded $5 million in the aggregate.  Alternatively, Countrywide contended that Ms.

Thomas's individual action satisfied § 1332(a)'s amount in controversy requirement, and, thus, 28 U.S.C. § 1367 authorized supplemental jurisdiction over the prospective class plaintiffs' claims that did not exceed $75,000.  Ms. Thomas moved to remand this action, and the heat of the remand battle focused on the amount in controversy.  Specifically, to defeat CAFA jurisdiction, Ms. Thomas relied upon the stipulation in her complaint that the aggregate amount in controversy was less than $5 million and argued in her brief that she was not seeking to recover more than $74,999 on her individual claims.

In an Order entered on February 17, 2012, and after full briefing, the court conditionally granted Ms. Thomas's motion to remand.  Part III A of the opinion found that CAFA's $5 million amount in controversy requirement was not satisfied.  Part III B required Ms. Thomas to submit the affidavit that she had discussed in her brief, but that she had neglected to file.  Specifically, in Part III B, the court found that an affidavit from Ms. Thomas clarifying that at the time of removal, the amount in controversy did not exceed $75,000 and specifically binding her to a recovery less than § 1332(a)'s amount in controversy would necessitate remand on this record.

Immediately after the February 17 Order was entered, Countrywide filed the instant motion to stay the remand and argued that Ms. Thomas also should be required to file a stipulation on behalf of all putative class members that no individual

class member would seek or accept damages in excess of $75,000.  Countrywide argued that a stipulation limited to Ms. Thomas's claims would be "insufficient to guarantee that federal subject matter jurisdiction does not exist in this action." (Doc. # 13, at 2–3.)  Countrywide's position now is that § 1332(a) also would be satisfied if the amount in controversy as to any putative class member's claims exceeded $75,000.

Briefing on Countrywide's motion was ordered, and the parties were informed that no action would be taken by the court on the motion to remand until briefing closed on the motion to stay.  In her brief, Ms. Thomas argued that Countrywide's argument comes too late as it was raised for the first time in the motion to stay the remand, but that, in any event, the claims of putative class members may not be considered in determining whether § 1332(a)'s amount in controversy requirement is satisfied.  Ms. Thomas contended that a court must examine only whether any named plaintiff independently satisfies the amount in controversy requirement.  Ms. Thomas also filed an affidavit, attesting that her individual claims are limited to an amount below $75,000, that this limitation governed at the time of removal, that she would not amend her complaint to seek more, and that she would not accept more than $74,999 on a favorable jury verdict.

## II.  DISCUSSION

At the time of removal, Countrywide's position was that once diversity jurisdiction was established over the claims of Ms. Thomas (the only named Plaintiff), § 1367 permitted the exercise of jurisdiction over the putative class plaintiffs, even if those plaintiffs failed to satisfy the amount in controversy requirement.  Countrywide now raises a new argument that § 1332(a) also would be satisfied if any unnamed, putative class member independently satisfied the amount in controversy requirement; hence, according to Countrywide, a stipulation capping the amount in controversy of the individual claims of the putative class members is required for remand.

The issue of whether the claims of unnamed putative class members can be used to establish § 1332(a)'s jurisdictional threshold was raised for the first time after the court conditionally granted the motion to remand.  Its untimeliness aside, Countrywide's argument is not persuasive.  Assuming without deciding that the amount in controversy could be satisfied by the claims of unnamed class members,[1] Countrywide has not established its burden on removal.  There is no discussion or evidence demonstrating that the amount in controversy as to any other potential, but unnamed, class plaintiff would more likely than not exceed $75,000.  The evidence

---

[1] This Order should not be interpreted as expressing an opinion either way on this issue.

4

is limited.  Specifically, there is evidence that Countrywide entered into mortgage loan agreements with approximately 5,275 Alabama residents (*i.e.*, the putative class), and that the average amount charged by Countrywide for origination fees and discount points was, at a minimum, $981.  (John Truong Aff. ¶¶ 4–5.)  While Mr. Truong attests that many of these Alabama individuals were charged additional fees at closing, the amount of those fees is not mentioned.

Countrywide has not submitted evidence from which it can be found that the fees of the putative class members come close to exceeding $75,000, or that another basis exists by which to value the claims.  This case is distinguishable, therefore, from *Chapman Funeral Home, Inc. v. National Linen Service*, 178 F. Supp. 2d 1247 (M.D. Ala. 2002), upon which Countrywide relies for its argument that a removing defendant may establish § 1332(a)'s jurisdictional requirement by relying upon the claims of putative class members.[2]  In *Chapman*, the removing defendant submitted evidence identifying two putative class members and establishing that the value of the injunctive relief to these two putative class members – the cessation of a monthly, $3,000 charge for the remaining life of the contracts – easily surpassed the $75,000

---

[2] *But see Eufaula Drugs, Inc. v. Tmesys, Inc.*, 432 F. Supp. 2d 1240 (M.D. Ala. 2006) (finding that claims by proposed class members could not be used to satisfy the jurisdictional requirement on removal and distinguishing *Chapman* based upon subsequently decided authority).

mark. *See id.* at 1249. Countrywide has failed to prove by a preponderance of the evidence that the amount in controversy as to any putative class plaintiff more likely than not exceeds the jurisdictional requirement. Additionally, based upon Ms. Thomas's affidavit, the court finds that Countrywide has failed to demonstrate by a preponderance of the evidence that Ms. Thomas's individual claims meet the jurisdictional amount.

### III. CONCLUSION

Based upon the foregoing authority, the requisite amount in controversy for diversity cases has not been satisfied in this action, and the court lacks diversity jurisdiction. Accordingly, it is ORDERED that Countrywide's Motion to Stay Remand Order to Require Stipulation on Behalf of Putative Class Members or, in the Alternative, a Stipulation from Putative Class Members Currently Represented by Counsel for Plaintiff (Doc. # 13) is DENIED.

It is further ORDERED that this action is REMANDED to the Circuit Court of Macon County, Alabama.

The Clerk of the Court is DIRECTED to take appropriate steps to effectuate the remand.

DONE this 10th day of April, 2012.

                           /s/ W. Keith Watkins
                     CHIEF UNITED STATES DISTRICT JUDGE